UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| DAWN M. FLOWERS, ) | |
| ) | |
| Plaintiff, ) | |
| ) | No. 06 C 7061 |
| v. ) | Magistrate Judge Schenkier |
| ) | |
| MICHAEL J. ASTRUE, ) | |
| Commissioner of Social Security, ) | |
| ) | |
| Defendant. ) | |

## MEMORANDUM OPINION AND ORDER

Plaintiff, Dawn M. Flowers, has filed a motion for an award of attorneys' fees and costs in the amount of $11,685.84 pursuant to the Equal Access to Justice Act ("EAJA"), 28 U.S.C. § 2412 (2000) (doc. # 38). Defendant, the Commissioner of Social Security (the "Commissioner"), opposes plaintiff's motion on two grounds. *First*, the Commissioner asserts that Ms. Flowers should not be awarded fees because its position was substantially justified (Def's. Resp. 3). *Second*, the Commissioner argues that if fees are awarded, the fees that plaintiff requests are unreasonable (Def's. Resp. 5), and should be reduced (Def's. Resp. 8). For the reasons set forth below, we grant plaintiff's motion for attorneys' fees, but in the adjusted amount of $11,663.75.

I.

This case began when Ms. Flowers applied for both Supplemental Security Income and Disability Insurance Benefits. An Administrative Law Judge ("ALJ") denied Ms. Flowers' application, and she appealed to the Appeals Council, where her application was again denied. Ms. Flowers then appealed the Council's decision to this Court, where her motion for remand was granted, and the Commissioner's motion for affirmance was denied.

*Flowers v. Astrue*, No. 06 C 7061, Mem. Op. and Order (N.D. Ill. Jan. 17, 2007). The Court found that the ALJ made two errors in his Step 4 analysis that required remand.

*First*, the ALJ erroneously classified Ms. Flowers' cashier job as "past relevant work" (Mem. Op. and Order at 21). This Court found that the classification was erroneous because Ms. Flowers did not make the minimum earnings required to have that job qualify as past relevant work under Step 4 (*Id.*). The Commissioner conceded that the ALJ erred on this point, but attempted to salvage the ALJ's opinion by casting the error as merely "technical" – an argument the Court rejected. (*Id.*)

*Second*, the ALJ erroneously relied on the Vocational Expert's ("VE") flawed testimony regarding the nature of a cashier position (Mem. Op. and Order 22). While the VE stated that a cashier position was unskilled work according to the Dictionary of Occupational Titles ("DOT"), that position is actually listed as skilled work in the DOT (*Id.* at 22).

## II.

In order for a court to award a claimant reasonable attorneys' fees under EAJA, four criteria must be met. *First*, a final judgment must have been entered. 28 U.S.C. § 2412(d)(1)(B). *Second*, the claimant must have been the prevailing party. 28 U.S.C. § 2412(a)(1). *Third*, the defendant's position must not have been substantially justified. 28 U.S.C. § 2412(d)(1)(A). *Fourth*, there must be no special circumstances that would make an award of fees unjust. 28 U.S.C. § 2412(d)(1)(A).

The Commissioner has the burden of proving that its position was substantially justified. *See United States v. Hallmark Constr. Co.*, 200 F.3d 1076, 1079 (7th Cir. 2000); *Cunningham v. Barnhart*, 440 F.3d 862, 864 (7th Cir. 2006). To do this, the Commissioner

must show "that its position was grounded in '(1) a reasonable basis in truth for the facts alleged; (2) a reasonable basis in law for the theory propounded; and (3) a reasonable connection between the facts alleged and the legal theory advanced.'" *Hallmark*, 200 F.3d at 1080 (quoting *Phil Smidt & Son, Inc. v. NLRB*, 810 F.2d 638, 642 (7th Cir. 1987)).

The Commissioner must prove that its position was substantially justified in regard to both its litigation and pre-litigation conduct. *Marcus v. Shalala*, 17 F.3d 1033, 1036 (7th Cir. 1994). That means the Commissioner must prove that it was substantially justified in continuing to push forward at each stage. *Hallmark*, 200 F.3d at 1081. However, in considering whether the Commissioner's position was substantially justified, a court can only make one determination for the entire civil action. *Marcus*, 17 F.3d at 1036. Therefore, if at any stage the defendant was not substantially justified, a court may award EAJA fees to the claimant. *Id.* A position may be "substantially justified," even though it was incorrect, "if a reasonable person could think it correct, that is, if it has a reasonable basis in law and fact." *Pierce v. Underwood*, 487 U.S. 552, 566 n.2 (1988).

While the defendant has the burden of proving that its position was substantially justified, the claimant has the burden of proving that the fees requested are reasonable. *Hensley v. Eckerhart*, 461 U.S. 424, 437 (1983). In requesting an award of fees under EAJA, "'counsel for the [claimant] should make a good-faith effort to exclude . . . hours that are excessive, redundant, or otherwise unnecessary.'" *Id.* at 434. Similarly, "any inefficiencies by [the claimants] attorneys in handling the case," and "the degree of success obtained [are] relevant to determining the reasonableness of fees." *Crawford v. Barnhart*, No. 01 C 1198, 2002 U.S. Dist. LEXIS 17207, at *7-8 (N.D. Ill. Sept. 11, 2002).

3

A claimant cannot reasonably request recovery of fees for "'hours spent on tasks that would normally not be billed to a paying client [or] those hours expended by counsel 'on tasks that are easily delegable to non-professional assistance.'" *Neal v. Astrue*, No. 05 C 5291, at 2 (N.D. Ill. July 31, 2007) (quoting *Spegon v. Catholic Bishop of Chi.*, 175 F.3d 544, 553 (7th Cir. 1999)). This means that attorneys' fees requested for clerical services are not reasonable. *Scott*, 2003 U.S. Dist LEXIS 4402, at *19. However, it is reasonable for a senior attorney to request fees for time spent reviewing and revising a junior attorney's work, and for the junior attorney's time spent incorporating the senior attorney's suggestions. *See, Neal*, No. 05 C 5291, at 3; *Holland v. Barnhart*, 2004 U.S. Dist. LEXIS 1364, at *4 n.1 (N.D. Ill. Feb. 2, 2004). Furthermore, time spent requested for time spent litigating EAJA requests is compensable. *Comm'r v. Jean*, 496 U.S. 154, 166 (1990).

Finally, as a part of proving that the fees requested are reasonable, a claimant has the burden to prove that the hourly rate requested is reasonable. Under EAJA, a claimant is entitled to request the statutory rate of $125.00 per hour for attorney's fees, and may add to that hourly rate any justifiable cost of living increase, 28 U.S.C. § 2412(d)(2)(A), which is usually determined by referring to the Consumer Price Index (CPI). Additionally, a claimant is entitled to request fees for paralegal services at prevailing market rates. *Richlin Sec. Serv. Co. v. Chertoff*, _____ U.S. _____, 128 S.Ct. 2007, 2012 (U.S. 2008).

### III.

With this background, we now address in turn whether plaintiff may recover fees under EAJA, and, if so, what amount of fees is reasonable.

## A.

It is undisputed that a final judgment was entered; Ms. Flowers was the prevailing party; and there are no special circumstances that would make an award of fees unjust. Therefore, in deciding whether plaintiff may recover fees under EAJA, the only issue for this Court to address is whether the Commissioner's position was substantially justified. We find that it was not.

One of the reasons this case was remanded was because the ALJ erroneously classified Ms. Flowers' cashier job as "past relevant work" (Mem. Op. and Order at 21). The Commissioner has the burden of proving why it was substantially justified in relying on the ALJ's decision, despite this error. In an attempt to do so, the Commissioner recycles the same argument he offered in seeking affirmance of the ALJ's decision: that the ALJ could rely on Ms. Flowers' testimony that she was capable of working full-time overrides the regulations governing Step 4 (Def's. Resp. 5). The Commissioner attempts to support its argument by citing to 20 C.F.R. § 404.1529(a), which states that in deciding a claimant's application for benefits "We will consider all of your statements . . . about how the symptoms affect your activities of daily living and your ability to work."

However, Section 404 does not establish that the Commissioner can rely on a claimant's statements alone in making a Step 4 determination. In the sentence immediately following the one quoted by the Commissioner, Section 404 specifically states: "However, statements about your pain or other symptoms *will not alone* establish that you are disabled" (emphasis added). Section 404 further states: "We will then determine the extent to which your *alleged* functional limitations and restrictions . . . *can reasonably be accepted as consistent with* the medical signs and laboratory findings and other evidence" (emphasis

5

added). The Commissioner's assertion that it can rely on Ms. Flowers' statements alone is inconsistent with the ALJ's finding that Ms. Flowers is not credible regarding the limiting effects of her symptoms (Mem. Op. and Order at 29). Certainly, the ALJ never explained why he found credible Ms. Flowers' statement about full time work and not those about her limitations. No justification, much less substantial justification, has been offered for this kind of picking and choosing.

The second reason we remanded this case was because the ALJ relied on the erroneous testimony of the VE. As with the first error, the Commissioner has the burden of proving why it was substantially justified in relying on the ALJ's decision, despite this error. Since the Commissioner has failed to address this issue, it has failed to meet that burden.

Since the Commissioner has failed to meet its burden to show that its position was substantially justified, we will award fees to Ms. Flowers' attorney. We now must consider the amount of fees to award.

**B.**

On this point, plaintiff has the burden of proving that the fees she has requested are reasonable. The Commissioner argues that the fees are not reasonable for two reasons. *First*, the Commissioner, citing *Curry v. Astrue*, No. 06 C 4701 (N.D. Ill. Jan. 31, 2008), argues that Ms. Flowers is requesting fees for excessive hours, the Commissioner argues that the senior attorney on the case could have done the work in fewer hours if he had not enlisted the help of an associate (Def.'s Resp. 7 n.1). *Second*, the Commissioner argues that Ms. Flowers has requested attorneys' fees for clerical tasks (Def.'s Resp. 8). We address each argument in turn.

*First*, we find that the hours claimed by plaintiff are not excessive (we note the Commissioner does not challenge the hourly rate claimed). While plaintiff's briefs were lengthy and detailed, the Court found them of assistance in deciding the case. The Court will not fault plaintiffs for submitting lengthy briefs in a case where the Court wrote a 30-page opinion explaining why the case should be remanded, and gave detailed guidance to the ALJ as to issues to address on remand.

We have considered *Curry*, as well as other opinions that have awarded fees of a magnitude sought by plaintiff here. *See, Crawford*, 2002 U.S. Dist. LEXIS 17207, at *6; *Neal*, at 3; *Holland*, No. 02 C 8398, 2004 U.S. Dist. LEXIS 1364, at *4 n.1; *Embry v. Barnhart*, No. 02 C 3821, 2003 U.S. Dist. LEXIS 19473, at *13-14 (N.D. Ill. Oct. 30, 2003); *Steele v. Barnhart*, No. 99 C 5455, 2002 U.S. Dist. LEXIS 21462, at *7 (N.D. Ill. Nov. 4, 2002); *Gillespie-Kern v. Astrue*, No. 06 C 6389, at 3 (N.D. Ill. Nov. 8, 2007). The divergent results in these cases highlight that each request for fees must be assessed based on the circumstances of the particular case; use of a cookie cutter approach will not do. We are satisfied that, in this case, the time spent by plaintiff's counsel was reasonable. Whether that amount of time would be reasonable in another case, of course, would depend on the circumstances of that case.[1]

---

[1] We have considered the argument that the hours spent by plaintiff's counsel on the case were inflated because the bulk of the drafting was done by a younger attorney (Kristin A. Kobayashi) with review by a senior attorney (Barry A. Schultz), when Mr. Schultz could have done the job himself in less time. In the world of private practice, it is not unusual for younger attorneys to prepare briefs under the supervision of more experienced attorneys: the additional amount of time a younger attorney may spend on the matter is offset by the lower billing rate he or she commands. That hourly rate differential does not obtain in cases under the Social Security Act, since the hourly rate is set at the same level of attorneys without regard to experience. Thus, as the *Curry* court observed in a footnote, that could lead to an attorney using a younger attorney to do drafting "to recover more in fees than he would have been able to recover if he had handled the drafting himself." *Curry*, No. 06 C 7601, Mem. Op. and Order at 3 n.1. That possibility reflects the potential for abuse, and in the appropriate case may warrant a reduction in a plaintiff's fee request to prevent any abuse.

7

The Commissioner also argues that Ms. Flowers' fee request should be reduced by 1.8 hours for clerical tasks (Def.'s Resp. 8). We disagree. We do not view communication with the client or reviewing court orders to be "clerical" tasks that must be delegated to non-attorneys. We therefore deny the Commissioner's request to make this reduction, and award plaintiff attorneys' fees for 69.1 hours of work.[2]

However, Ms. Flowers has made an error in calculation, and her fees must be reduced to account for the error. Ms. Flowers seeks fees at the hourly rate of $167.27. This is based on her assertion that the CPI for May 2007, the month in which the bulk of the work was done, was $208.352 (Pl.'s Mem. at 4; Ex. A; Ex. B). However, according to Exhibits B (which is mislabeled in Plaintiff's Memorandum as Exhibit C) and D (which is mislabeled in Plaintiff's Reply as Exhibit D), the CPI for May 2007 was actually $207.949. Therefore, using the calculation method provided by Ms. Flowers (Pl.'s Mem. Ex. A), the hourly rate should be reduced to $166.95[3].

---

That said, we see no evidence of abuse here. We are not persuaded here that Ms. Kobayashi (a 2003 law school graduate) is so inexperienced that she spent materially more time in drafting the briefs than would Mr. Schultz, or that the total amount of time spent on this matter was excessive.

[2]This total reflects the original requested attorney hours of 66.7, plus the additional 2.4 hours requested for EAJA litigation. This total does not reflect the 1.5 paralegal hours requested, which we will award.

[3]$(207.949-155.7)*125/155.7+125=166.946$

## CONCLUSION

For the above reasons, this Court partially grants Ms. Flower's motion for an award of attorney's fees pursuant to EAJA (doc. # 38), but in the reduced amount of $11,663.75 (based on 69.1 hours of work at the hourly rate of $166.95, plus requested paralegal time).

ENTER:

SIDNEY I. SCHENKIER
United States Magistrate Judge

Dated: June 30, 2008